IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-OPT1,<br>   Plaintiff,<br><br>v.<br><br>JEFFREY G. GOMEZ and ALL OCCUPANTS,<br><br>   Defendants. | § § § § § § § § § § § § § | NO. 3:15-cv-0184-N-BF |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Upon review of the Notice of Removal and the state court papers, it is apparent that federal jurisdiction is lacking. Therefore, it is recommended that the District Court *sua sponte* REMAND this case to the Texas state court from which it was removed.

**Background**

After purchasing certain real property located in Coppell, Texas (the "Property") at a non-judicial foreclosure sale held on November 4, 2014, *see* Rem. Not. (Doc. 2) at 42-43, Plaintiff Wells Fargo Bank, National Association, as Trustee for Soundview Home Loan Trust 2007-OPT1, initiated a forcible detainer action against Defendants Jeffrey G. Gomez, Avelina B. Gomez, and all other occupants of the Property in a Justice Court for Dallas County, *see id.* at 31-33. Plaintiff received a judgment for possession on December 12, *see id.* at 22, and Defendants, by and through their

counsel, filed an appeal in a Dallas County Court at Law on December 30. *See id*. at 10. The case was set for trial on January 22, 2015. *See id.* at 8. On January 20, however, Jeffrey Gomez, proceeding *pro se*, removed the case to federal court on grounds of diversity jurisdiction.[1] *See id.* at 1-5. The Notice of Removal avers that federal subject matter jurisdiction is proper because Mr. Gomez is a citizen of the State of Texas,[2] Plaintiff "is not and never has been a citizen of the State of Texas," and "[t]he subject real property has a current fair market value of $550,030 according to the Dallas Central Appraisal District." *Id.* at 2, ¶ III(a)i & (b). After reviewing the removal notice and the attendant state court documents, it is evident that subject matter jurisdiction is lacking and remand is required.

## Legal Standards and Analysis

The Court has an independent duty examine the basis of its own subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the

---

[1] It is not clear whether Asem Eltian, who made an appearance as Defendants' counsel in the state court action, still represents Defendants.

[2] Generally, the "forum-defendant rule" precludes removal on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b). Because Mr. Gomez is a citizen of Texas, the removal of this case from Texas state violates the forum-defendant rule and renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). Such a defect is procedural in nature, however, and must be raised by the plaintiff within thirty days of removal. *See* 28 U.S.C. § 1447(c); *In re 1994 Exxon Chem. Fire*, 558 F.3d at 393, 396. Defendants' violation of the forum-defendant rule does not provide a basis for the District Court to remand *sua sponte*.

burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in an eviction proceeding, such as this one, is the value of the right to occupy or possess the property at issue. *Wells Fargo Bank v. Jones*, 733 F. Supp. 2d 741, 742-43 (N.D. Tex. 2010).

Here, Defendants have wholly failed to allege – much less prove – that the value of the right to occupy or possess the Property exceeds the jurisdictional minimum. Defendants' allegations regarding the Property's fair market value are insufficient for purposes of satisfying the amount in controversy requirement. *Fed. Nat'l Mortg. Ass'n v. Fagnan*, No. 3:12-CV-5050-G-BN, 2013 WL 840811, at *2 (N.D. Tex. Feb. 11, 2013), *rec. adopted*, 2013 WL 864627 (N.D.Tex. Mar. 7, 2013) (similar allegations regarding property's fair market value insufficient to satisfy amount in controversy requirement). Nor does the Foreclosure Sale Deed, which establishes that the Property was sold on November 4, 2014 for $609,000.00, *see* Rem. Not. at 42, constitute evidence of the right to possess or occupy the Property for purposes of satisfying the amount in controversy requirement in this case. *Midfirst Bank v. Okiyo*, No. 3:13-CV-4360-N-BF, 2014 WL 200669 (N.D. Tex. Jan. 17, 2014) (evidence of property's market value is not evidence of value of right to possess property for

purposes of establishing amount in controversy in removed eviction proceeding). Accordingly, the Court determines that Defendants have failed to satisfy their burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

## Recommendation

For the reasons stated herein, the Court lacks subject matter jurisdiction over this action. The Court should remand the action to County Court at Law No. 1, Dallas County, Texas, from which it was removed.

**SO RECOMMENDED**, January 22, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the

Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).